```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| JAMES L. BLACK and wife,<br>CATHLEEN J. BLACK<br><br>    Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>    Defendant. | No. 2:17-cv-2638 |

### ORDER

Before the Court is Plaintiffs James L. Black and Cathleen J. Black's November 30, 2018 Motion for Order Permitting Voluntary Dismissal Without Prejudice. (ECF No. 60.) Defendant Boston Scientific Corporation responded on December 14, 2018. (ECF No. 61.) Boston Scientific filed a supplemental response on December 17, 2018. (ECF No. 63.) Plaintiffs replied on December 31, 2018. (ECF No. 68.)

For the following reasons, Plaintiffs' Motion is GRANTED.

### I.   Background

This is a products liability case. Boston Scientific removed to this Court about a year and a half ago. (ECF No. 1.) Since then, Plaintiffs have not adequately participated in discovery.

Boston Scientific served Plaintiffs with its first discovery requests on March 8, 2018. (ECF No. 33.) The Court entered an

amended scheduling order on June 5, 2018, and set Plaintiffs' expert disclosure deadline for September 6, 2018. (ECF No. 41 at 291.)[1]

Plaintiffs did not respond to Boston Scientific's first discovery requests and did not timely disclose their experts. On August 28, 2018, after affording Plaintiffs several extensions, Boston Scientific filed a motion to compel Plaintiffs to respond. (ECF No. 45.) On September 10, 2018, Boston Scientific filed a motion for summary judgment. (ECF No. 48.) Boston Scientific based that motion on Plaintiffs' failure to meet their expert disclosure deadline. (ECF No. 48-2 at 352.)

On September 14, 2018, Plaintiffs filed a motion to stay the case for ninety days and extend the deadlines to respond to Boston Scientific's motion to compel and motion for summary judgment. (ECF No. 50 at 363.) Plaintiffs also asked the Court to stay and to extend all deadlines in the Court's amended scheduling order. (Id.) Plaintiffs represented that their lead counsel had taken a sudden and unexpected medical leave of absence on August 29, 2018, and that their other counsel had suffered a significant recurrence of a medical condition and had been unavailable since September 3, 2018.[2] (ECF No. 50 at 364.)

---

[1] Unless otherwise noted, all pincites are to the "PageID" number.
[2] The ethics officer of the law firm to which Plaintiffs' counsel belong filed the motion to stay. (ECF No. 50 at 365.)

The Court Granted Plaintiffs' motion to stay on October 1, 2018. (ECF No. 54.) Plaintiffs' lead counsel returned from medical leave on October 15, 2018. (ECF No. 60-2 at 419.) The Court entered a second amended scheduling order on October 23, 2018, and set Plaintiffs' expert disclosure deadline for December 14, 2018. (ECF No. 55 at 385.)

Plaintiffs filed their Motion for Order Permitting Voluntary Dismissal Without Prejudice on November 30, 2018. (ECF No. 60.) Boston Scientific asks the Court to deny the Motion or dismiss the case with prejudice. (ECF No. 61 at 424.)

**II. Jurisdiction**

Under 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Plaintiffs are citizens of Tennessee. (ECF No. 1-2 at 10.) Boston Scientific is a Delaware corporation with its principal place of business in Massachusetts. (ECF No. 1 at 3.) Plaintiffs seek, among other things, "compensatory damages in the amount of One Million Dollars ($1,000,000)." (ECF No. 1-2 at 17.) The parties are completely diverse, and the amount-in-controversy requirement is satisfied.

**III. Standard of Review**

After a defendant serves an answer or motion for summary judgment, a plaintiff may voluntarily dismiss a case without a stipulation only if the court orders it. Fed R. Civ. P. 41(a)(2). Whether to order voluntary dismissal under Rule 41(a)(2) is in the court's sound discretion. See Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 477 (6th Cir. 2014).

"[T]he purpose of Rule 41(a)(2) is to protect the [defendant] . . . from unfair treatment." Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc., 583 F.3d 948, 953 (6th Cir. 2009). To that end, a court should not order voluntary dismissal if doing so would cause the defendant to suffer "plain legal prejudice . . . ." Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994).

Plain legal prejudice takes two forms. One is permitting voluntary dismissal "[a]t the point when the law clearly dictates a result" for the defendant. Grover, 33 F.3d at 719. The other is a confluence of factors that shows the defendant would suffer plain legal prejudice if the court ordered dismissal. Id. at 718. Those factors include, "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion

4

for summary judgment has been filed by the defendant." Id. (the "Grover factors").

**IV. Analysis**

Boston Scientific contends that it would suffer plain legal prejudice if the Court orders voluntary dismissal because the law presently dictates a result for it and, separately, because the Grover factors weigh in its favor.

**A.  Whether the Law Clearly Dictates a Result for the Defendant**

The law does not clearly dictate a result for Boston Scientific. Boston Scientific contends that it is entitled to summary judgment because Tennessee law requires expert testimony to support a products liability claim and Plaintiffs' expert disclosure deadline has passed without the disclosure of their experts. Boston Scientific's argument is not well-taken. When Plaintiffs filed their Motion, their expert disclosures were not due. That Plaintiffs' expert disclosure deadline has since passed is not of great significance. Expert disclosure deadlines are subject to revision; were the Court to consider Boston Scientific's motion for summary judgment, the Court might be inclined to deny it and grant Plaintiffs additional time to designate an expert.

Boston Scientific has averred no absolute legal defense. It submits one based on a discretionary deadline. Although other courts have denied motions to voluntarily dismiss without

5

prejudice, see, e.g., Culbertson v. Indian Path Hosp., Inc., No. 2:11-CV-275, 2013 WL 4604648, at *3 (E.D. Tenn. Aug. 28, 2013), that would be unduly harsh here. Plaintiffs' counsel have had recent health problems. Plaintiffs' potentially meritorious claim should not be forever denied because they missed a deadline that expired two weeks after they filed a motion to dismiss.

**B.   The Grover Factors**

The Grover factors weigh in favor of permitting Plaintiffs to voluntarily dismiss their case without prejudice.

**1. Boston Scientific's Effort and Expense**

Boston Scientific's effort and expense do not justify forever foreclosing Plaintiffs' potentially meritorious claim. Boston Scientific cites several actions it has taken, but, considered together, they do not favor dismissal with prejudice or denying the Motion.

Boston Scientific cites the time spent preparing various motions and briefs. Those motions and briefs include: a notice of removal[3]; a motion to dismiss; a reply in support of a motion to dismiss; an opposition to Plaintiffs' motion to file an amended complaint; a motion to compel Plaintiffs to respond to Boston Scientific's first discovery requests; an opposition to

---

[3] This effort need not be duplicated. Plaintiffs have stipulated that, if they sue Boston Scientific again, they will refile in this Court. (See ECF No. 68 at 488 n.1.)

6

Plaintiffs' motion to stay the case and extend deadlines; a motion for summary judgment; and an opposition to Plaintiffs' motion for voluntary dismissal.

Although not insignificant, Boston Scientific's motions and briefs are not sufficient to justify denying a motion to voluntarily dismiss without prejudice. The notice of removal and motion to compel are slight documents. The motion to dismiss, accompanying reply, and corresponding opposition to the motion to file an amended complaint were prepared at the preliminary stage of the case. They were not prepared for trial, which is the core of the first Grover factor. The effort that went into the motion for summary judgment does not appear to have been extensive or time-consuming. The motion is based on one issue: failure to timely disclose experts. It is eleven pages long. It relies on a four-page statement of undisputed material facts. There are no exhibits. It is clearly distinguishable from the effort in the case Boston Scientific cites. See Hart v. Bank of Am., N.A., No. 14-cv-2807-SHL-tmp, 2015 WL 12532149, *2 (W.D. Tenn. Nov. 17, 2015) ("Defendant submitted 149 pages of arguments, affidavits or exhibits in support of its Motion for Summary Judgment."). The work done to oppose the Motion at issue should count for little, if anything, in the Grover analysis. Considering it would require weighing effort and expense that postdated the Motion.

Boston Scientific cites the time and effort it spent collecting medical records and the duplicative work that might be required if the case were dismissed without prejudice. Boston Scientific concedes that it will not need to collect again the medical records it has already received. Instead, it contends that "it will have to again obtain executed authorizations from Plaintiffs . . ., request additional medical records from any new treating physicians for Plaintiffs since the dismissal, request additional medical record updates from the very treating physicians Boston Scientific has already submitted a request to in this litigation, and spend additional time reviewing the total universe of medical records received to determine what will be duplicative versus new." (ECF No. 61 at 432-33.) That work would be, for the most part, more work, not work that would have to be done again. It would not be so onerous that it justifies dismissing the case with prejudice or denying the Motion.

Boston Scientific contends that Plaintiffs' inattention to their discovery obligations caused Boston Scientific to "expend time generating communications to Plaintiffs, by phone and email, seeking the [discovery] responses," to "tak[e] the laboring oar on joint filings" related to extending the discovery response deadlines, and to "expend[] time and effort attempting to schedule Plaintiffs' depositions" that never occurred. (Id. at 433.) That

8

work is not so substantial that it warrants dismissal with prejudice or denial.

Boston Scientific cites the time and expense it incurred developing its expert strategy. That work could be recycled if Plaintiffs sue Boston Scientific again. The strategy was not developed in response to anything Plaintiffs actually did or disclosed. The expert strategy must therefore reflect Boston Scientific's independent assessment of the case. It can be redeployed in any future litigation.

Boston Scientific has incurred effort and expense and is justifiably frustrated by Plaintiffs' Motion. That effort and expense, however, is not so great that it favors forever barring Plaintiffs' potentially meritorious claim.

**2. Plaintiffs' Excessive Delay and Lack of Diligence**

Plaintiffs have delayed excessively and lacked diligence. For a year and a half, they have not responded to Boston Scientific's first written discovery request, made anyone available for deposition, disclosed any experts, or made an effort to prosecute their case. That delay and lack of diligence is mitigated by events beyond Plaintiffs' control.

Plaintiffs' lead counsel has had health and personal problems during this litigation. Plaintiffs' other counsel took a medical leave on September 3, 2018, and, as far as the Court is aware, has

9

not returned to active practice. Not all of Plaintiffs' delay and lack of diligence can be attributed to their counsel's absence. Plaintiffs' lead counsel failed to respond to written discovery requests or make anyone available for deposition before he took medical leave. He has explained that delay was at least in part because of his work on other cases. (See ECF No. 62-3 at 451, 454, 456.) However, Boston Scientific's principal argument that the case should be dismissed with prejudice is Plaintiffs' failure to timely disclose their experts after extensive opportunity to do so. Both counsel took medical leave before expert disclosures were due. From that point on, failure to disclose experts cannot be fairly attributed to a lack of diligence.

### 3. Explanation for the Need to Take a Dismissal

Plaintiffs explain that they need to take a dismissal because they need to engage new lead counsel and obtain expert witnesses and testimony. (ECF No. 68 at 490.) Given their lead counsel's health and personal problems and that this Motion was filed before the expert disclosure deadline had passed, Plaintiffs' reasons favor granting their Motion.

### 4. Whether a Motion for Summary Judgment Has Been Filed

A motion for summary judgment has been filed, but, for the reasons previously discussed, this factor does not favor Boston Scientific. The motion for summary judgment does not appear to

10

have required much time or effort and it is entirely based on Plaintiffs' failure to disclose experts.

**V. Conclusion**

The law does not clearly dictate a result for Boston Scientific and, considered together, the Grover factors demonstrate that dismissal without prejudice is warranted. Plaintiffs' Motion for Order Permitting Voluntary Dismissal Without Prejudice is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

So ordered this 26th day of March, 2019.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE